WILLIAM H. McGRORY and JAMES TIGHE, plaintiffs in error, *vs.* THE PEOPLE, defendants in error.

On the trial of an indictment for robbery, the defense was an *alibi.* The evidence of two witnesses tended to show that when the crime was committed, at half past ten o'clock in the morning of July 30th, the prisoner was at home, at his mother's house, in bed. The judge, in charging the jury, substantially told them that it was for them to determine whether they believed the witnesses who had testified to the *alibi;* that it was singular that a boy like the prisoner should be in bed from seven to half past eleven in the morning, in July, unless he was sick, or there was some other special reason; and that the circumstance that neither his mother, nor any one of his family, had been called to show that he was sick, or to explain the fact of his thus being in bed, might or "would probably turn the scales."

*Held* that, looking at the whole charge, the inference was that the judge meant, and that the jury understood him as meaning, that on the question as to the credit they would give to the witnesses who had undertaken to prove an *alibi,* the circumstance mentioned by the judge might or probably would turn the scales. And that the language, though strong, afforded no ground for granting a new trial.

The judge, in his charge, also said: "A crime of this kind is generally perpetrated at night, but this was in broad day light, at half past ten o'clock, in one of our public thoroughfares; a child with money in his pocket, taken up and carried in an alley, knocked down, robbed and left. If they are guilty, they deserve a severity of punishment greater than any punishment that has been imposed this term, on any person tried. There in some excuse at night, when an attack of that kind is made, but it is a *much graver offense, and requires graver consideration where they are so desperate as to make it in broad day light.*"

*Held* that there was no error in this; that it was plain the judge merely meant to say, and in substance did say, that to commit a robbery like that with which the prisoners were charged, in broad day light, &c. showed a greater boldness, hardihood or recklessness in crime, than committing a like robbery under cover of the night.

ERROR to the New York general sessions.

*Henry L. Clinton,* for the plaintiffs, in error.

*A. Oakey Hall,* (dist. att'y,) for the people.

*By the Court,* SUTHERLAND, J. The plaintiffs in error were indicted for robbery in the first degree. They were tried

in the New York general sessions, before the city judge. Thomas Miller, the complainant, a lad sixteen years of age, testified to the circumstances of the robbery, and testified positively to the identity of the prisoners as the persons who committed the crime. The evidence of Peter Garvey, a boy ten years of age, tended also strongly to show that the prisoners were the persons who committed the crime. The crime was committed about half past ten o'clock in the forenoon of the 30th of July, in 17th street, between 8th and 9th avenues.

The defense, as to both prisoners, was an *alibi.* The evidence of two witnesses, Elizabeth Sherlock and Ellen Brady, tended to show that when the crime was committed McGrory was at home, at his mother's house, in an alley opening on 16th street, between 8th and 9th avenues, in bed. The evidence of Hugh Campbell tended to show that Tighe was at Weehauken, when the crime was committed. As to McGrory, the question was, whether his two witnesses to prove an *alibi* had told the truth. I infer from the error book, that both the prisoners are lads, or quite young men. It appears to have been an undisputed fact, that the boys, or lads, that committed the robbery, being pursued, immediately ran down 17th street into 9th avenue, and down the avenue to 16th street, and turning the corner of 16th street, disappeared in Mrs. Grory's alley.

The city judge, in charging the jury, substantially told them that it was for them to determine whether they believed the witnesses who had testified to the *alibi;* that as to McGrory, it was singular that a boy like him should be in bed, in July, from seven to half past eleven in the morning, (as one of his witnesses had testified he was, on the morning of the 30th of July, when the robbery was committed,) unless he was sick, or there was some other special reason, and that the circumstance, that neither his mother nor any one of his family had been called to show that he was sick, or to explain the fact of his thus being in bed, might or " would probably

turn the scales." The prisoner's counsel excepted to this portion of the charge.

Looking at the whole charge, I think the inference is, that the judge meant, and that the jury understood him as meaning, that on the question as to the credit they would give to the witnesses who had undertaken to prove an *alibi* as to McGrory, the circumstance mentioned by the judge might, or probably would, turn the scales. The language of the judge was undoubtedly strong, but if my interpretation of it is correct, I see no ground for granting a new trial because he used it. It appears to me, that under the general circumstances of the case, the circumstance mentioned by the judge might legitimately be considered by the jury on the question as to the *alibi* as to McGrory, and if the jury had a right to consider that circumstance, of course it might turn the scales on that question, for the jury might give such *weight* to it, as they thought proper.

The judge, in his charge, also remarked as follows : " A crime of this kind is generally perpetrated at night, but this was in broad day light, at half past ten o'clock, in one of our public thoroughfares ; a child with money in his pocket taken up and carried into an alley, knocked down, robbed and left. If they are guilty, they deserve a severity of punishment, greater than any punishment that has been imposed at this term on any person tried. There is some excuse at night, when an attack of that kind is made, but it is a *much graver offense, and requires graver consideration where they are so desperate as to make it in broad day light.*"

The prisoners' counsel excepted to this part of the charge, as if the judge had intended to charge that robbery in the day time was a higher statutory crime than robbery in the night time. But it is plain, I think, that the judge merely meant to say, and in substance did say, that to commit a robbery like that with which the prisoners were charged, in broad day light, &c. showed a greater boldness, hardihood or recklessness

in crime, than committing a like robbery under cover of the night. The error book showed no other exceptions ; and I think the judgment should be affirmed, and a new trial ordered.

. [NEW YORK GENERAL TERM, April 1, 1867. *Leonard, Sutherland* and *Ingraham,* Justices.]